**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Enrique Contreras,** | ) | **CASE NO. 1:09 CV 2610** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **J.T. Shartle,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon the Petition under 28 U.S.C. § 2241 filed by Enrique Contreras (Doc. 1). For the following reasons, the Petition is DENIED.

### Facts

On September 5, 1995, petitioner was sentenced in the United States District Court for the Central District of California to 190 months imprisonment, with five years of supervised release, on drug charges. On September 22, 1995, while detained and awaiting designation at the Metropolitan Detention Center in Los Angeles, California, petitioner was erroneously released from custody due to the fact that another prisoner by the same name was scheduled

1

to be released that day.  According to petitioner, he departed to his home country of Mexico.  Petitioner was placed on escape status.  The sentencing court was notified and an arrest warrant was issued by that court on September 28, 1995, charging petitioner with escape from federal custody.

On December 22, 2005, petitioner was arrested by United States Immigration and Customs Enforcement agents while illegally entering the United States from Mexico. Later that same day, United States Marshals Service agents took petitioner into custody pursuant to the outstanding warrant.  On February 13, 2006, petitioner arrived at FCI Elkton to complete service of his 190 month federal sentence.

Once petitioner returned to the custody of the Bureau of Prisons, a sentence computation was completed commencing the federal sentence on the date it was imposed, September 5, 1995.  Petitioner received credit from the date of his arrest by DEA agents on September 2, 1994, until the day before his sentence was imposed, September 4, 1995.  The sentence was stopped due to "escape" as a result of his erroneous release on September 22, 1995.  This "inoperative time" ended on the day before petitioner was re-arrested in December 2005.

This matter is before the Court upon the Petition filed under 28 U.S.C. § 2241.  Petitioner exhausted his administrative remedies, and the matter has been fully briefed in this Court.

**Discussion**

Petitioner asserts that he should be credited for the time between September 22, 1995 and December 21, 2005, during which he was erroneously at liberty.  For the following

2

reasons, this Court disagrees.

The Sixth Circuit has stated that "[t]he doctrine of credit for time at liberty entitles a convicted person to credit against his sentence for time erroneously spent at liberty, so long as the government was guilty of simple or mere negligence and the delay in execution of the sentence was not the defendant's fault." *Myles v. U.S.*, 1999 WL 644149 (6th Cir. August 16, 1999) (citing *United States v. Martinez*, 837 F.2d 861, 865 (9th Cir.1988) ). Other circuits recognize that the burden is on the petitioner to show the "at liberty" doctrine applies in his case, and there must not have been any contributing fault on his part. *Espinoza v. Sabol*, 558 F.3d 83 (1st Cir. 2009).

Petitioner contends that he was erroneously released from custody, and that he believed that his release happened due to his cooperation with the government. For the following reasons, petitioner's latter assertion is illogical and cannot be credited. Therefore, the Court cannot find that the delay was not, at least in part, his fault.

Petitioner knew his 190 month sentence had nowhere near expired and had, in fact, just commenced. While petitioner contends that he believed he was being rewarded for his cooperation, the facts demonstrate otherwise. The declaration of J.R. Johnson, Correctional Programs Specialist for the Federal Bureau of Prisons, shows that petitioner had already received a recompense for his cooperation:

> The PSR states pursuant to the plea agreement between the government and petitioner, in exchange for his plea of guilt to Count 1, the government agreed to move to dismiss the remaining counts against petitioner at the time of sentencing, and to recommend a three-level reduction in the applicable sentencing guideline offense level pursuant to guideline section 3E1.1 if he demonstrated an acceptance of responsibility for the offense by virtue of his statements and conduct up to and including the time of sentencing, and to recommend a sentence at the low end of the guideline range.

(Doc. 7 Ex. A). The parties agreed that the minimum imprisonment the court could impose was ten years. The maximum sentence was life imprisonment. (*Id.*)

Furthermore, petitioner's Judgment and Commitment Order directed that defendant "within 72 hours of release from any custody or reentry to the United States shall report to the U.S. Probation Office [located in California] for instruction." (*Id.*) Petitioner did not report to the probation office upon his release in 1995 but, instead, departed to Mexico.

For these reasons, petitioner's request for credit against his sentence for time erroneously spent at liberty is not warranted.

### Conclusion

For the foregoing reasons, the Petition under 28 U.S.C. § 2241 filed by Enrique Contreras is denied. A certificate of appealability is unnecessary to appeal the denial of a petition for habeas corpus under § 2241. *Durham v. U.S. Parole Commission*, 306 Fed.Appx. 225 (6th Cir. 2009) (citations omitted).

IT IS SO ORDERED.

                                            /s/Patricia A. Gaughan  
                                            PATRICIA A. GAUGHAN  
Date: 1/24/11                     United States District Judge